**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
SOUTHERN DIVISION OF CHATTANOOGA**

| | |
|---|---|
| NANCY MULLADY and her husband, THOMAS F. MULLADY, III | ) )  CASE NO.: 1:18-cv-00023-HSM-SKL |
| Plaintiffs, | ) )  **JURY DEMANDED** |
| vs. | ) |
| BOOKS-A-MILLION, INC., INSIGHT MERCHANDISING, INC., INSIGHT MERCHANDISING HOLDINGS, INC. J.D. STORE EQUIPMENT, INC., J.D. PACIFIC RIM, INC., and TASMAN GROUP PR, INC. D/B/A TASMAN GROUP PACIFIC RIM | ) ) ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

Come the Plaintiffs, Nancy Mullady and Thomas F. Mullady, III, by and through their attorneys, and for their cause of action state:

### PARTIES & JURISDICTION

1. The Plaintiffs, Nancy Mullady and Thomas F. Mullady, III, are husband and wife and they are residents of Hamilton County, Tennessee.

2. The Defendant, Books-A-Million, Inc. (hereinafter referred to as "Books-A-Million" for the sake of brevity and convenience) is a foreign Delaware corporation, licensed to do and doing business in the State of Tennessee, with its principal address located at 402 Industrial Lane, Birmingham, Alabama 35211-4465, in Jefferson County. Defendant Books-A-Million may be served with process by serving its Registered Agent: CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929-9710.

3. The Defendants, Insight Merchandising, Inc. and Insight Merchandising Holdings, Inc., are both foreign Texas corporations, doing business in the State of Tennessee. Insight Merchandising, Inc.'s principal address is 1000 Nolen Drive, Suite 100, Grapevine, Texas 76051, in Tarrant County. Insight

Merchandising Holdings, Inc.'s principal address is 120 Dividend Drive, Coppell, Texas, 75019. Insight Merchandising, Inc. and Insight Merchandising Holdings, Inc. will hereinafter be referred to collectively as "Defendants Insight Merchandising" for the sake of brevity and convenience. Upon information and belief, the Defendants Insight Merchandising may be served with process by serving their Registered Agent: Jeffrey A. Jones, at 120 Dividend Drive, Coppell, Texas, 75019.

4.     Upon information and belief, J.D. Pacific Rim, Inc. and J.D. Store Equipment, Inc. are California corporations with a principal place of business located at 1657 Meadowglen Road, Diamond Bar, California 91765, and having a registered agent of Hsiao Lien Tung, 1657 Meadowglen Road, Diamond Bar California 91765. J.D. Pacific Rim, Inc. and J.D. Store Equipment, Inc. will hereinafter be referred to collectively as "Defendants J.D. Pacific Rim/Store Equipment" for the sake of brevity and convenience.

5.     Upon information and belief, Tasman Group PR, Inc. d/b/a Tasman Group Pacific Rim is a California corporation with a principal place of business located at 15304 Spring Avenue, Santa Fe Springs, California 90670, and having a registered agent of Leonard E. Castro, 624 S. Grand Avenue, Suite 2000, Los Angeles, California 90670. Tasman Group PR, Inc. d/b/a Tasman Group Pacific Rim will hereinafter be referred to as "Defendant Tasman Group" for the sake of brevity and convenience. Defendant Tasman Group may be a successor to Defendants J.D. Pacific Rim/Store Equipment.

6.     This action arises from the severe personal injuries suffered by the Plaintiff Nancy Mullady on January 6, 2017, as a direct and proximate result of a metal calendar/book display rack and its contents falling upon her while she was an invitee customer inside the premises of Defendant Books-A-Million's store located in Hamilton County. Upon information and belief, Defendants Insight Merchandising, Defendants J.D. Pacific Rim/Store Equipment and/or Defendant Tasman Group, manufactured, distributed and sold the metal calendar/book display rack and/or its component parts at issue in this case, and this rack was sold new to the Defendant Books-A-Million, and shipped the rack to the latter's bookstore on July 12, 2012.

7.     Based upon the foregoing, jurisdiction and venue properly lie in this Court.

## FACTS

8.      On January 6, 2017, the Plaintiff Nancy Mullady was shopping inside the Defendant Books-A-Million's store located on 5230 Highway 153, in Hixson, Tennessee. As Nancy Mullady reached for a calendar on a metal calendar/book display rack in the bookstore, the entire laden rack suddenly and without warning fell onto the Plaintiff, knocked her down to the floor, and trapped her underneath the heft of the rack and its contents. As a direct and proximate result of this incident, Nancy Mullady suffered severe injuries.

## ACTS OF DEFENDANTS

9.      Whenever in this Complaint it is alleged that any of the Defendants did any act or thing, or failed or omitted to do any act or thing, it is meant that the corporate officers, directors, owners, agents, servants, and/or employees of the Defendants performed or participated in the act(s), and/or failed or omitted to perform such acts or things, individually and/or collectively, while in the course and scope of their employment, relationship and/or agency with said Defendants.

## CAUSES OF ACTION AGAINST DEFENDANT BOOKS-A-MILLION

10.     Plaintiffs aver that the Defendant Books-A-Million was guilty of negligence in one or more of the following acts or omissions:

A.   Negligently operating and maintaining its business property, and allowing dangerous and hazardous conditions to be created and to exist upon its premises;

B.   Failing to comply with reasonable business standards in the maintenance and inspection of the calendar/book display racks located upon its premises;

C.   Negligently and improperly failed to maintain, service, inspect, test, repair and/or replace the defective calendar/book display rack in question, which failed, and thereby caused Nancy Mullady's severe injuries. Thus, the Defendant Books-A-Million breached its duty to use reasonable and proper care in the maintenance, servicing, inspection, testing, repair and/or replacement of the calendar/book display rack, and said Defendant liable for the Plaintiffs' injuries and damages.

D.   Keeping, owning, and maintaining upon the Defendant's property a deceptive, unreasonably dangerous and defective calendar/book display rack, regularly used by the Defendant's invitees, when the Defendant knew, or in the exercise of reasonable care and diligence should have known, that the rack was dangerous and constituted an unreasonable hazard and risk of injuries to invitees upon its premises.

E.   Generally failing to exercise that degree of care, caution and maintenance that is required of reasonable and prudent business operators and property owners under the circumstances and conditions existing at the time and place of the Plaintiff's injuries; and

# CAUSES OF ACTION AGAINST DEFENDANTS INSIGHT MERCHANDISING, J.D. PACIFIC RIM/STORE EQUIPMENT AND TASMAN GROUP
# PRODUCTS LIABILITY ACTION PURSUANT TO TENN. CODE ANN. § 29-28-101, *ET SEQ.*
# COUNT I - STRICT LIABILITY IN TORT

11. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group designed, manufactured, distributed and/or sold the calendar/book display rack and/or its component parts which are at issue in this case.

12. Upon information and belief, Defendants Insight Merchandising distributed and sold the calendar/book display rack new to the Defendant Books-A-Million, and shipped the rack to the latter's bookstore in Tennessee on July 12, 2012, and thereby placed the calendar/book display rack product into the stream of commerce.

13. The Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group are manufacturers within the meaning of T.C.A. § 29-28-102(4).

14. The subject calendar/book display rack and its component parts are products within the meaning of T.C.A. § 29-28-102(5).

15. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint, as though set forth verbatim.

16. On January 6, 2017, the calendar/book display rack was a "product," as defined in T.C.A. § 29-28-107(5), and the product was within its "anticipated life," as defined by T.C.A. § 29-28-107(1).

17. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group designed, manufactured, distributed, assembled and/or sold products that were in a "defective condition" as defined by T.C.A. § 29-28-107(2).

18. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group designed, manufactured, distributed, assembled and/or sold products that were "unreasonably dangerous" as defined by T.C.A. § 29-28-107(8).

19. The construction and performance of the calendar/book display rack failed to meet the "consumer expectation test," as that term is defined and understood under Tennessee law.

20. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group are strictly liable for the Plaintiffs' injuries and damages as a result of the improper design, manufacture, assembly, distribution and/or sale of the subject defective calendar/book display rack.

21. At all times mentioned herein, the subject calendar/book display rack was defective and unsafe for its intended purpose.

22. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group failed to give timely and adequate warnings and/or instructions as to the use of said product, its periodic inspection, and/or circumstances under which the calendar/book display rack's use should be discontinued, to prevent it from being unreasonably hazardous and dangerous. Plaintiffs further aver that such warnings were feasible, economical, and critical to the prevention of catastrophic injuries, such as that which the Plaintiff Nancy Mullady suffered.

## COUNT II - NEGLIGENCE

23. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint, as though set forth verbatim.

24. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group failed to design and manufacture a safe calendar/book display rack, including, but not limited to, failing to properly construct the rack with reasonably safe, reliable and durable materials, when it was assembled, distributed and sold by these Defendants to the Defendant Books-A-Million.

25. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group failed to design and manufacture a safe calendar/book display rack, including, but not limited to, failing to provide adequate warnings and/or instructions as to the use of said product, and/or circumstances under which the calendar/book display rack's use should be discontinued (i.e defects in the steel or the rack's component parts causing a loss of stability), so as to prevent it from being unreasonably hazardous and dangerous and posing an unacceptable risk of serious injury to persons coming into contact with or being around the rack.

## COUNT III - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint, as though set forth verbatim.

27. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group breached the implied warranty of merchantability, by wrongfully designing, assembling, manufacturing, marketing, distributing, selling and placing into the stream of commerce, the defective calendar/book display rack, which was defective due to the flaws as described hereinabove, and made the rack unreasonably dangerous. Such breach of warranty was a direct and proximate cause of the calendar/book display rack's collapse, and the injuries suffered by Plaintiff Nancy Mullady.

## COUNT IV - BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

28. Plaintiff hereby incorporates by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint, as though set forth verbatim.

29. Defendants Insight Merchandising, J.D. Pacific Rim/Store Equipment and Tasman Group breached the implied warranty of fitness for a particular purpose, by wrongfully designing, assembling, manufacturing, marketing, distributing, selling and placing into the stream of commerce, the defective calendar/book display rack. Such breach of warranty was a direct and proximate cause of the rack's collapse, which caused the Plaintiff Nancy Mullady injuries.

30. The calendar/book display rack was unfit for the ordinary purposes for which this rack and similar products are used, because of the various defects mentioned hereinabove, and, such unfit condition was a direct and proximate cause of the rack's collapse, which caused the Plaintiff Nancy Mullady injuries.

## RES IPSA LOQUITOR

31. Plaintiffs allege that the above-described acts and omissions by the Defendants formed the proximate cause of all injuries and damages sustained by the Plaintiffs. Plaintiffs specifically aver that the doctrine of *res ipsa loquitur* is applicable to all such acts, omissions and/or failures by the Defendants, as an event such as the collapse of the calendar/book display rack under the circumstances as described

hereinabove, does not ordinarily occur in the absence of negligence, and this renders the Defendants liable for the Plaintiffs' injuries and damages as a matter of law.

## CAUSATION

32. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint. The foregoing common law negligent acts and omissions of the Defendants, did directly and proximately cause the calendar/book display rack to fall, and proximately caused the severe injuries suffered by the Plaintiff Nancy Mullady, including a compound fracture to her right femur bone, a severely fractured hip necessitating surgical repair and a prosthetic hip replacement, and various lacerations and contusions, and thereby caused the Plaintiffs' damages as set forth herein below.

## SPECIAL & GENERAL DAMAGES

33. Plaintiffs hereby incorporate by reference the allegations and causes of action pled in the preceding Paragraphs of this Complaint. Plaintiffs aver that Nancy Mullady was severely injured, and that she has been caused to incur the following damages:

    A. Severe personal injuries, resulting in permanent impairment, disability and scarring;

    B. Pain and suffering, past and future;

    C. Mental anguish, past and future;

    D. Loss of the enjoyment of life, past and future;

    E. Physician, hospital and other medical expenses, past and future; and

    F. Loss of services and loss of consortium for the Plaintiff Thomas F. Mullady, III, as the husband of Nancy Mullady.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs sue the Defendants for compensatory damages in the amount of One Million Dollars ($1,000,000.00), damages for accrued post-judgment interest at the legal rates, the costs of this cause, including reasonable expenses, and any and all further damages to which they may be entitled.

**PLAINTIFF DEMANDS A JURY OF TWELVE PERSONS TO TRY THESE ISSUES WHEN JOINED.**

Respectfully Submitted,

MCMAHAN LAW FIRM

By: s/ James R. Kennamer
James R. Kennamer, TN BPR # 16172
MCMAHAN LAW FIRM
P.O. Box 11107
Chattanooga, TN 37401-2107
Telephone: (423) 265-1100
Facsimile: (423) 266-1981
E-Mail: jaykennamer@mcmahanlawfirm.com
**Attorneys for Plaintiffs Nancy Mullady
and Thomas F. Mullady, III**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2018, a true and exact copy of this pleading has been served electronically upon counsel for the defendant Books-A-Million, Inc.

MCMAHAN LAW FIRM

s/ James R. Kennamer
cc:

W. Scott Hickerson, TN BPR # 26369
E-Mail: wsh@swlawpllc.com
Kenneth R. Shuttleworth, TN BPR # 8870
E-Mail: krs@swlawpllc.com
SHUTTLEWORTH WILLIAMS, PLLC
800 South Gay Street, Suite 2031
Knoxville, TN 37929
Telephone: (865) 622-7118
Facsimile: (865) 622-7119